**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

May 4, 2023

By ECF
Honorable Frederic Block
United States District Judge
Federal Courthouse, 225 Cadman Plaza
Brooklyn, New York 11201

      Re:    Mahoney *et al.* v. U.S. Department of the Interior, *et al*
             Civil Action No. 22-1305 (Block, J.) (Tiscione, M.J.)

Dear Judge Block:

      The undersigned Assistant U.S. Attorney represents defendants the U.S. Department of the Interior, Bureau of Ocean Energy Management ("BOEM"), the U.S. Department of the Army and the U.S. Army Corps of Engineers (the "Federal Defendants"). The Federal Defendants write to oppose plaintiffs' April 27, 2023, letter motion (ECF 85) ("Pltffs' Letter"), which requests a premotion conference for leave to move for summary judgment. For the following reasons the court should deny plaintiffs' request.

      A.    **Background**

      This action involves a project authorized by BOEM and the Army Corps whereby defendant-intervenor South Fork Wind LLC ("SFW") will develop a commercial-scale offshore wind energy facility on the Outer Continental Shelf ("OCS") that will generate and export power to the existing mainland electric grid in East Hampton, New York. SFW has, pursuant to authorizations issued by state and local authorities, completed excavation of trenches along an onshore route for the underground installation of electrical cables. Plaintiffs claimed this onshore activity could affect certain pre-existing groundwater contamination.

      After extensive proceedings open to the public, the State of New York Public Service Commission permitted construction and design of the onshore part of the project. Plaintiffs, and similarly interested parties, made numerous challenges in New York State courts to enjoin the onshore trenching. After all challenges to stop the project in New York State courts failed, plaintiffs commenced the instant action and sought injunctive relief, alleging that SFW's onshore trenching should be enjoined because the Federal Defendants supposedly failed to conduct an adequate review in the Final Environmental Impact Statement of potential PFAS contamination along the onshore route. This Court rejected plaintiffs' request, holding that they had failed to establish irreparable harm. Mahoney v. U.S. Dep't of the Interior, 22-CV-01305-FB-ST, 2022 WL 1093199, at *3 (E.D.N.Y. Apr. 12, 2022). Among other things, the Court noted that plaintiffs' claim that trenching activity would lead to additional contamination of their already contaminated

wells relied "heavily" on the declarations of their expert John Conrad, however, "Conrad's assertion is conclusory" and unsupported. Id., 2022 WL 1093199, at *2. Therefore, the Court found that plaintiffs failed to demonstrate that further harm to them was likely. Id.

Pursuant to their requests for a premotion conference filed on May 23, 2022 (ECF 47, 48), on November 22, 2022, the Federal Defendants and SFW filed fully briefed motions to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing. (They also moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) and 12(c)). Those motions remain pending.

### B. Basis of Opposition to Plaintiff's Proposed Motion

In their April 27, 2023, letter, at 1 (ECF 85), plaintiffs, anticipating defendants' response, acknowledge that defendants' Rule 12 motions to dismiss are pending disposition, but nonetheless contend, without providing any legal support, that "proceeding now to the merits phase is appropriate." This contention is meritless. Plaintiffs fail to mention, as noted above, that the Federal Defendants and SFW seek to dismiss the complaint in its entirety because plaintiffs lack standing. This point is critical. It is well settled that "[s]tanding is a threshold issue that must be resolved before reaching the merits of a claim because 'putative plaintiffs lacking standing are not entitled to have their claims litigated in federal court.'" Lower E. Side People's Fed. Credit Union v. Trump, 289 F. Supp. 3d 568, 575 (S.D.N.Y. 2018) (quoting Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 117 (2d Cir. 1991)). "Since constitutional standing is necessary to federal court jurisdiction, federal courts must 'decide the question at the outset,' before addressing the merits of a claim." Grosz v. LSF9 Master Participation Tr., 16-CV-4035(SJF)(AKT), 2017 WL 6383912, at *6 (E.D.N.Y. Aug. 7, 2017) (quoting Strubel v. Comenity Bank, 842 F.3d 181, 187 (2d Cir. 2016). Thus, "[i]f a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006)). See also Washington v. U.S. Dept. of Hous. and Urb. Dev., 16CV3948ENVSMG, 2019 WL 5694102, at *9 (E.D.N.Y. July 29, 2019) ("when a defendant moves to dismiss both for lack of subject matter jurisdiction and on other grounds ... the Court must address the issue of subject matter jurisdiction first") (quoting Thompson v. Donovan, 2014 WL 5149037, at *5 (S.D.N.Y. Oct. 14, 2014)).

Based on the above black letter law and contrary to plaintiffs' contention, the fact that the parties have "completed development and review" of the 200,000 page administrative record is irrelevant and does not confer standing on the plaintiffs, nor does it make "the merits of Plaintiffs' claims ripe for review." Pltffs' Letter at 1. To the contrary, it would be wasteful to expend the parties' and the court's time and resources on a burdensome proposed motion which would be academic if, as shown in defendants' pending motions, plaintiffs cannot establish standing. Plaintiffs also, in passing and without providing any support, contend that the Court should allow their proposed motion for summary judgment because "the potential dangerous environmental impacts of the under-evaluated [SFW] Project are daily accumulating." Id. (emphasis added).

However, not only is this contention irrelevant to the issue of standing, but it is unsupported. As noted above, the court has denied plaintiffs' requests for injunctive relief because plaintiffs failed to show any irreparable injury from the challenged work. Indeed, to show standing in fact plaintiffs must show an "injury in fact" which must be "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 505, 560 (1992) (quotation marks and citations omitted). A "potential" injury is insufficient. Id.

Based on the foregoing, the court should deny plaintiffs' request for a premotion conference for leave to move for summary judgment.

                                            Respectfully submitted,
                                            BREON PEACE
                                            UNITED STATES ATTORNEY

By:    s/VINCENT LIPARI
           Vincent Lipari
           Assistant U.S. Attorney
           (631) 715-7864